UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:14-CR-2-GNS

UNITED STATES OF AMERICA                                             PLAINTIFF

v.

TYOUS ANDERSON                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Objections to the Magistrate Judge's Findings, Conclusions of Law, and Recommendations Regarding Anderson's Motion to Suppress (DN 31) filed by Defendant Tyous Anderson ("Anderson"). For the following reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **OVERRULES** Defendant's Objections.

## I. SUMMARY OF FACTS AND CLAIMS

Defendant does not object to any of the facts as stated in the Magistrate Judge's Findings of Fact, Conclusions of Law and Recommendation ("R&R"). (Def.'s Objs. to the Magistrate Judge's Findings, Conclusions of Law, and Recommendations Regarding Def.'s Mot. to Suppress, DN 31 [hereinafter Def.'s Objs.]). On September 3, 2011, Anderson was stopped for speeding. (Findings of Fact, Conclusion of Law and Recommendation 1-2, DN 32 [hereinafter R&R]). Anderson was issued a citation for failure to produce insurance, speeding, and reckless driving. (R&R 3). During the stop, Anderson ignored the citing officer by engaging in a conversation on his cellular phone. (R&R 3). Based on this behavior, the officer determined that

Anderson would not comply with the citation and decided to arrest Anderson. (R &R 3). This arrest was statutorily authorized by KRS 189.290 and 431.005(1)(e). After several requests, Anderson exited his vehicle and was placed under arrest. (R&R 3). During a search of Anderson's person, the arresting officer discovered a baggie in Anderson's front pants pocket containing what appeared to be two partially crushed pills. (R&R 3). This discovery led the officer to believe that evidence of narcotics existed in Anderson's vehicle. (R&R 3). The arresting officer discovered a glass jar suspected to be filled with marijuana and a pill bottle filled with 72 more pills suspected to be ecstasy. (R&R 4). The officer also discovered a .38 caliber handgun in the vehicle. (R&R 4). Subsequent laboratory testing of the pills revealed that they were methamphetamine. (R&R 4).

On February 12, 2014, Anderson was indicted by a grand jury on charges of drug and weapon offenses. (Indictment, 1-7, DN 1). On February 20, 2015, Anderson's counsel filed a Motion to Suppress evidence found in Anderson's vehicle, arguing that all evidence was the product of an illegal search. (Def.'s Mot. to Suppress, DN 16). Following an evidentiary hearing, the Magistrate Judge found that the apparent narcotics found on Anderson's person were obtained by a legal search and the discovery of this evidence constituted probable cause to search Anderson's vehicle. (R&R 5-10). Anderson has filed his objections, and this matter is ripe for adjudication.

## II. STANDARD OF REVIEW

In *United States v. Curtis*, 237 F.3d 598 (6th Cir. 2001), the Sixth Circuit articulated the proper standard of review of objections to a ruling or recommendation by a magistrate judge and stated:

> [Section] 636(b) creates two different standards of review for district courts when a magistrate court's finding is challenged in district court. A district court shall

apply a "clearly erroneous or contrary to law" standard of review for the "nondispositive" preliminary measures of § 636(b)(1)(A). Conversely, "dispositive motions" excepted from § 636(b)(1)(A), such as motions for summary judgment or *for the suppression of evidence*, are governed by the *de novo* standard.

*Id.* at 603 (emphasis added) (citations omitted).

## III. DISCUSSION

Anderson's objects that the Magistrate Judge incorrectly ruled that the search of Anderson's vehicle was a legal search properly based on probable cause. Based on the following, the Court overrules this objection and adopts the recommendation of the Magistrate Judge. The Fourth Amendment to the United States Constitution assures "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "Any inquiry into the validity of the seizure of the records must begin with the general rule that warrantless searches and seizures are per se unreasonable under the Fourth Amendment." *United States v. Blue Diamond Coal Co.*, 667 F.2d 510, 518 (6th Cir. 1981) (citing *Katz v. United States*, 389 U.S. 347, 357 (1967)). "If an officer arrests an individual without probable cause, the evidence obtained in the course of the unconstitutional arrest is inadmissible." *United States v. Williams*, 475 F. App'x 36, 39 (6th Cir. 2012) (citations omitted).

A movant on a motion to suppress on the basis of a Fourth Amendment violation bears the burden of production and persuasion. *United States v. Giacolone*, 853 F.2d 470, 482 (6th Cir. 1988). The defendant must present a prima facie showing of a Fourth Amendment violation when seeking to suppress evidence. *United States v. Murrie*, 534 F.2d 695, 697 (6th Cir. 1976) (citation omitted). Once the defendant makes a prima facie showing, the burden shifts to the

government to show that the search was constitutional. *United States v. Thompson*, 409 F.2d 113, 115 (6th Cir. 1969).

In this case, there is no dispute that Anderson has established a *prima facie* case. Anderson was stopped for a traffic violation, was ordered to exit his vehicle, and a search was conducted of his person. (Transcript of June 10, 2015 evidentiary hearing [hereinafter "Tr."] at p. 3:4-7, 5:12-13, 11:19-21, 13:13-15., DN 26). After discovering the partially crushed pills in Anderson's pocket, the arresting officer conducted a warrantless search of Anderson's vehicle and discovered a handgun and additional narcotics. (Tr. 13:13-15, 14:13-22).

The United States notes that both the initial traffic stop and subsequent arrest for reckless driving were supported by probable cause. (Pl.'s Resp. to Mot. to Suppress 7-8, DN 28). The United States argues that the discovery of the crushed narcotics in Anderson's pocket supported a finding of probable cause to search Anderson's vehicle. (Pl.'s Resp. to Mot. to Suppress 8-9).

Anderson disputes that the arresting officer had probable cause to search both his person and his vehicle. (Def.'s Resp. to Government's Post-Hr'g Suppression Mem. [hereinafter Def.'s Resp.] 5, DN 29). He notes that his arrest was primarily based on his traffic violation and refusal to end his phone conversation in the officer's presence. (Def.'s Resp. 5). Anderson argues this in no way justifies a finding of probable cause that he was engaged in any offense beyond speeding. (Def.'s Resp. 5). Anderson further asserts that the crushed pills found in his pocket were insufficient to establish probable cause. (Def.'s Resp. 6). He notes that their appearance alone was not enough to indicate they were narcotics. (Def.'s Resp. 6). Finally, Anderson claims that during the search of his vehicle his hands were handcuffed behind his back and he was secured by multiple officers. (Def.'s Resp. 4). As a result, Anderson could not access his vehicle and thus the surrounding officers had no protective concerns. (Def.'s Resp. 4).

4

The Court must engage in a two-step analysis to determine if the search of Anderson's car was constitutional. First, the Court must determine that the traffic stop was supported by a reasonable suspicion. *United States v. Foster*, 376 F.3d 577, 584-85 (6th Cir.2004); *United States v. Garza*, 10 F.3d 1241, 1245 (6th Cir.1993). Second, the Court must determine if the search of Anderson's car was supported by probable cause. *Foster*, 376 F.3d at 584-85; *Garza*, 10 F.3d at 1245.

There is no dispute the officer had a reasonable suspicion to stop Anderson's vehicle. The arresting officer testified that Anderson was traveling above the posted speed limit and Anderson does not dispute this claim. (Tr. 47:16-27). Both reckless driving and speeding are violations of KRS 189.290 and 189.390, respectfully. Citation for both offences is evidenced by the arresting officer's traffic citation issued to Anderson. (Pl.'s Ex. 1 to Evidentiary Hr'g). Thus, the arresting officer had a reasonable suspicion to stop Anderson.

While a citation is optional for reckless driving under Kentucky law, the arresting officer also had the option to arrest Anderson under KRS 431.005(1)(e). Law enforcement officers do not violate the Fourth Amendment when arresting for even very minor offenses. *United States v. McCraney*, 674 F.3d 614, 618 (6th Cir. 2012) (citing *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001)). The arresting officer need only prudently believe an offense has been committed to execute an arrest. *Beck v. Ohio*, 379 U.S. 89, 91 (1964) (citation omitted). There is no dispute in this case that Anderson was speeding well above the posted speed limit, consistent with a violation of KRS 189.290. Thus, the officer had probable cause to arrest Anderson for speeding.

Commission of the offense of reckless driving was not sufficient for a finding of probable cause to search Anderson's vehicle. Anderson correctly points out that he was not within reach

of the vehicle and thus law enforcement officers cannot claim safety concerns as a reason to search the vehicle. *Arizona v. Gant*, 556 U.S. 332, 343-44 (2009). Yet, neither safety concerns nor the offense of reckless driving were the basis of the search of Anderson's vehicle. Instead, the search was based upon the pills found in Anderson's pocket. (Tr. 13:13-15, 14:13-22). An officer who executes a lawful arrest is then authorized to search and seize destructible evidence found on a defendant's person. *See Gant,* 556 U.S. at 339. Furthermore, the offense which the defendant is ultimately charged need not be related to the offense for which defendant was arrested. *United States v. Robinson*, 414 U.S. 218, 236-37 (1973).

The arresting officer's testimony indicates he reasonably suspected the pills found in Anderson's pockets were ecstasy, a controlled substance not available by prescription. (Tr. 14:1-4, 30:22, 31:5). Specifically, the officer testified that he had been trained to detect ecstasy and the pills in Anderson's possession had a color consistent with his training. (Tr. 35:1-7). This belief led him to search Anderson's car for evidence of narcotics. (Tr. 14:8-14). The Fourth Amendment does not demand perfection, but only that an officer acts reasonably and in good faith. *United States v. Godfrey*, 427 F. App'x 409, 411 (6th Cir. 2011).

Therefore, the following sequence of events was sufficient to establish probable cause to search Anderson's vehicle:

1.    The arresting officer had a reasonable suspicion to stop Anderson because he was traveling well above the speed limit;

2.    Anderson was validly arrested for reckless driving under KRS 189.290 and this arrest was supported by probable cause;

3.    The arresting officer conducted a valid search authorized incident to a lawful arrest;

4.      The arresting officer discovered partially crushed pills in Anderson's pocket which the officer reasonably believed to be narcotics. The suspected illegal narcotics supported a finding of probable cause to search Anderson's vehicle for additional narcotics; and

5.      Since all steps taken by the officer were constitutionally valid, the fruits of the search of Anderson's vehicle are not subject to suppression.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED AND ADJUDICATED** that the Findings of Fact, Conclusions of Law and Recommendation of the United States Magistrate Judge (DN 30) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, and Defendant's Objections (DN 31) are **OVERRULED**. Defendant's Motion to Suppress (DN 16) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
September 28, 2015

cc:     counsel of record